# UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**Ashland Division**

| | |
|---|---|
| Quentin J. Thompson ) | |
|     *Plaintiff* ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| Midland Funding, LLC ) | |
|     *Defendant* ) | |
| ) | |
|     Serve: ) | |
|         CSC-Lawyers Inc. Service, Co. ) | |
|         421 W. Main ) | |
|         Frankfort, KY 40601 ) | |

## CLASS ACTION COMPLAINT and
## DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action by a consumer seeking damages for Defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

2. Plaintiff, Quentin J. Thompson ("Plaintiff"), obtained a FCNB/Newport News credit card more than ten (10) years ago. To the best of his recollection, Plaintiff Thompson closed the account sometime in 2002 with no balance remaining on the account. After closing his account, Plaintiff Thompson heard nothing more about his FCNB/Newport News credit card until Defendant, Midland Funding, LLC ("Midland"), sued him in Lawrence District Court in August of 2012. Midland claimed that it was the assignee of a credit card debt owed by Plaintiff to FCNB/Newport News.

Mr. Thompson filed an answer to the complaint and moved for judgment on the pleadings. After hearing arguments of counsel, the Lawrence District Court granted Mr. Thompson's summary judgment on grounds that Midland's claims were barred by the applicable statute of limitations. By bringing suit on a time barred claim and by other improper conduct, Midland violated the FDCPA.

## PARTIES

3.     This action is brought by Plaintiff on behalf of himself, and all others similarly situated, whose joinder in this action is impracticable due to the number of plaintiffs and the size of their claim.

4.     Plaintiff, Quentin Thompson, is a natural person who resides in Lawrence County, Ky. Plaintiff is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

5.     Defendant, Midland Funding, LLC, is a Delaware limited liability company, which has registered with the Kentucky Secretary of State, its principal place of business located at 8875 Aero Drive, Suite 200, San Diego, CA 92123.

6.     Midland Funding, LLC is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Midland is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## RELEVANT FACTS

I.     **Facts Relating to Plaintiff's Newport News Credit Card**

7.     Prior 2002, Plaintiff obtained a FCNB/Newport News credit card and used this FCNB/Newport News credit card for personal and household purposes.

8.     Plaintiff closed his FCNB/Newport News credit card account sometime in 2002

9.     Spiegel, Inc. acquired First Consumer National Bank ("FCNB") in 1990.

10.    Spiegel was an international general merchandise and specialty retailer marketing apparel, home furnishings and other merchandise to customers through catalogs and approximately 560 specialty retail and outlet stores, and e-commerce sites.

11.    Spiegel's credit card business was a stand-alone business enterprise, operated primarily through Spiegel's wholly-owned subsidiary, "FCNB" which it acquired in 1990.

12.    FCNB offered two general types of credit programs: (1) traditional bankcards, such as MasterCard and Visa; and (2) "preferred" or private label credit cards for use at the Merchant Companies.

13.    Spiegel/FCNB's preferred cards bore the logo of Eddie Bauer, Newport News or Spiegel which were two party credit cards that could only be used at the logo "store" on the credit card, *i.e.* Plaintiff's FCNB/Newport News credit card could only be used at Spiegel's Newport News stores and websites.
.

      14.     The Office of the Comptroller of the Currency ordered FCNB liquidated in May 2002.

## II.    Facts Relating to Midland's Lawsuit against Plaintiff

      15.     On August 7, 2012, Midland filed a four-count Complaint against Plaintiff in Lawrence District Court that alleged in pertinent part:

> "Comes the Plaintiff, the Creditor herein, by Counsel, and for its complaint, states as follows:
>
> l. That the account of QUENTIN J. THOMPSON, bearing the account number ending in 7120, is in default.
>
> 2. Said account is due and payable to MIDLAND FLINDING LLC, having acquired the account through sale, assignment or other legal means.
>
> 3. The original creditor is FCNB-NEWPORT NEWS.
>
> 4. Said obligation is past due, and the Defendant(s) owes Plaintiff $773.19, with interest thereon at the rate of 8% per annum from February 9, 2003 until date of judgment with 12% per annum thereafter until paid plus court costs."

A copy of Midland's August 7th Complaint is attached as Exhibit "A."

      16.     Banks are required to charge off open credit accounts such as credit accounts "at 180 days delinquency." (*Uniform Retail Credit Classification and Account Management Policy*, 65 FR 36903-01).

      17.     Upon information and belief, February 9, 2003 is the date that the original creditor FCNB Newport News charged off Plaintiff's credit card account.

      19.     FCNB recorded the last payment or charge on Plaintiff's FCNB Newport News credit card account on or September 2002.

      18.     Midland obtained service of process on Plaintiff for its lawsuit premised upon the FCNB-Newport News credit account allegedly defaulted upon by Plaintiff on August 15, 2013.

      19.     Plaintiff defended against Midland's lawsuit against him and on March 20, 2013, moved for judgment on the pleadings on grounds that Midland's claims were barred by Kentucky's five-year statute of limitations under KRS 413.120. (A copy of Plaintiff's motion for judgment on the pleadings is attached as Exhibit "B").

      20.     Rather than defending the motion for judgment on the pleadings, Midland moved to dismiss its lawsuit against Plaintiff "*without prejudice*".

21. The Lawrence District Court granted Plaintiff's motion for judgment on the pleadings on May 21, 2013 by entering an order of dismissal "*with prejudice*". (A copy of the Lawrence District Court's order of dismissal with prejudice is attached as Exhibit "C").

22. The trial court's order dismissing with prejudice states in pertinent part:

> "Defendant having moved for Judgment on the Pleadings on grounds that Plaintiff's claim is barred by the statute of limitations, Plaintiff having objected and the Court having considered the arguments of counsel and being otherwise sufficiently advised, Defendant's Motion is HEREBY GRANTED and the Complaint is DISMISSED WITH PREJUDICE.
>
> This is a final and appealable order and judgment. There is no just cause for delay."

23. Midland did not appeal the Order dismissing its case with prejudice.

## CLASS ALLEGATIONS

24. Upon information and belief, within the year prior to filing this Complaint, Midland has filed collection cases against defendants in many different states in the union based on a defaulted credit card debt purchased from FCNB.

25. Upon information and belief, each lawsuit filed by Midland based on a defaulted credit-card debt purchased from FCNB within one year of the date of filing this Complaint and any lawsuit Midland may bring based on a defaulted FCNB credit-card debt after the date of the filing of this Complaint is barred by the applicable statute of limitations in each and every state in which Midland brought or may bring such a lawsuit.

26. Upon information and belief, Midland has sent or caused to be sent dunning letters to consumers all across the country based on a defaulted credit-card debt purchased from FCNB within one year of the date of filing this Complaint, and in which Midland threatened to bring suit to collect a debt to which the applicable statute of limitations would be a complete defense.

27. Plaintiff, Quentin Thompson, brings this action individually and as a class action against Defendant Midland for violation of the FDCPA on behalf of all persons similarly situated which class ("Class") is comprised of all persons in the United States of America whom Defendant, Midland Funding, LLC, or its agents, employees, or representatives (including but not limited to its attorneys of the law firm of record in this case: Morgan & Pottinger, P.S.C.):

> (a) brought suit after, or within the last 12 months prior to, the date of filing the Complaint in this case and which Midland's claim is based on an assignment, purchase, or other transfer of a defaulted FCNB credit-card debt; and

  (b)  sent a dunning letter after, or within the last 12 months prior to, the date of filing the Complaint in this case, that threatened to take legal or action or refer a debt for legal action against the letter's recipient, and which FCNB was the alleged original creditor on the underlying debt.

28. This action seeks statutory damages on behalf of the Class pursuant to 15 U.S.C. § 1692k(a)(2) for violation of the Act.

29. The Class so represented by Plaintiff in this action, and of which he himself is a member, consists of those persons defined above and is so numerous that joinder of individual members is impracticable.

30. Plaintiff's claims are:

  (a) typical of the claims of the Class;
  (b) there are common questions of law and fact in this action that relate to and affect the rights of each member of the Class; and
  (c) the relief sought is common to the entire class.

31. Class members have the same issue of law in common, to wit: whether Midland Funding, LLC filed suit against plaintiffs on a claim that was barred by the stated of limitations or threatened to bring suit in a dunning letter on a time barred debt in violation the Fair Debt Collection Practices Act.

32. There is no known conflict between Plaintiff and any other members of the Class with respect to this action, or with respect to the claims for relief herein set forth.

33. Plaintiff is the representative party for the Class, is able and will, fairly and adequately protect the interest of the Class.

34. Plaintiff's attorneys are experienced and capable in the field of consumer rights, including FDCPA violations.

35. Plaintiff's attorneys have successfully represented other claimants in similar litigation.

36. The action is properly maintained as a Class action in that the prosecution of separate actions by individual Class members creates a risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

37. This action is properly maintained as a class action because the prosecution of separate actions by individual members of the Class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendant.

38. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the Class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the Class will be effective and appropriate for the entire Class; and all members of the Class have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

39. The identity of each individual member of the Class can be ascertained from the books and records maintained by Defendant.

40. Because many of the persons sued and/or sent a dunning letter by Defendant may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## CLAIMS FOR RELIEF

### Violations of the Fair Debt Collection Practices Act

41. Plaintiff, Quentin Thompson, incorporates paragraphs 1-40 above as if fully set forth herein.

42. The above-described actions by Midland Funding, LLC constitute violations of the Fair Debt Collection Practices Act.

43. Defendant's, Midland Funding, LLC, violations of the FDCPA include, but are not limited to, the following:

(a) Midland Funding, LLC violated 15 U.S.C. § 1692f(1) by attempting to collect a debt that is not authorized by agreement or permitted by law, including but not limited to, by bringing suit and sending a dunning letter on a claim that is barred by the applicable statute of limitations;

(b) Midland Funding, LLC violated 15 U.S.C. § 1692e(5) by filing suit on a debt and sending a dunning letter that is barred by the statute of limitations, or threatening to take legal action on a debt that is barred by the statute of limitations; and

(c) Midland Funding, LLC violated multiple sections of the FDCPA by filing suit and sending dunning letters on debt on which it had no documents that supported its claims.

WHEREFORE, Plaintiff, Quentin Thompson, requests that the Court grant the following relief in his favor and in favor of the class and against Defendant, Midland Funding, LLC:

1. The maximum amount of statutory damages for each member of the Class provided under 15 U.S.C. §1692k;

2. Attorney's fees, litigation expenses and costs for the Class; and

3. Such other and further relief as is appropriate.

Respectfully Submitted,

/s/ James R. McKenzie
**James R. McKenzie**
*James R. McKenzie Attorney PLC*
10600 Timberwood Circle Suite 1
Louisville, KY 40223
jmckenzie.j5@gmail.com
Tel:   (502) 371-2179
Fax:   (502) 214-3121

**James H. Lawson**
*Lawson at Law, PLLC*
10600 Timberwood Circle
Suite 1
Louisville, KY 40223
Tel:   (502) 473-6525
Fax:   (502) 473-6561
james@kyclc.com