Commonwealth of Kentucky
Lawrence District Court
12-C-240


Midland Funding, LLC                                                      PLAINTIFF

v.                                     **Notice-Motion-Order**

Quentin J. Thompson                                                   DEFENDANT

\*       \*       \*       \*       \*

**NOTICE**

Please take notice that the undersigned will make the motion below and tender the

attached proposed Order in the Courtroom of the above Court on Friday, April 18, 2013, at 9:00

a.m. local time, or as soon thereafter as counsel may be heard.

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS AND DEFENDANTS CROSS MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant, Quentin J. Thompson, by counsel, hereby files his response opposing

Plaintiff, Midland Funding, LLC's ("Midland") motion to dismiss without prejudice under CR

41.01(2) and hereby files Defendant's cross-motion for judgment on the pleadings.

Midland's Complaint is based on a defaulted credit card debt that it allegedly purchased

from FCNB-Newport News ("FCNB"). Defendant Thompson's FCNB credit card account went

into default more than nine years before Midland filed suit in this case. The statute of limitations

for collection of credit card debt is five years under KRS 413.120. So the statute of limitations

bars Midland's claims and is a complete defense to the Complaint. Consequently, Mr. Thompson

is entitled to judgment on the pleadings in this case rather than a simple dismissal without prejudice. He should not have to worry that this stale claim will be brought against him in the future or sold to another debt collector for collection.

## I.    Standard of Review

As explained by the Kentucky Supreme Court:

> When a party moves for a judgment on the pleadings, he admits for the purposes of his motion not only the truth of all his adversary's well-pleaded allegations of fact and fair inferences therefrom, but also the untruth of all his own allegations which have been denied by his adversary. *Archer v. Citizens Fidelity Bank & Trust Co.,* Ky., 365 S.W.2d 727 (1963). The judgment should be granted if it appears beyond doubt that the nonmoving party cannot prove any set of facts that would entitle him/her to relief. *Cf. Spencer v. Woods,* Ky., 282 S.W.2d 851 (1955).

*City of Pioneer Village v. Bullitt County ex rel. Bullitt Fiscal Court*, 104 S.W.3d 757, 759 (Ky. 2003).

Because Midland's Complaint against Mr. Thompson is barred by the statute of limitations, Midland is not entitled to relief on any of its claims under any set of facts. Therefore, Mr. Thompson is entitled to Judgment on the Pleadings as a matter of law.

## II.    Midland's Cause of Action against Mr. Thompson Accrued over Five Years before it Filed Suit in this Case

Midland's suit against Mr. Thompson is based on a charged-off FCNB credit card debt Mr. Thompson allegedly owed to FCNB. "[A]n assignee such as [Midland] acquires no greater right than was possessed by his assignor, here [FCNB], but simply stands in the shoes of the latter, subject to all equities and defenses which could have been asserted against the chose in the hands of the assignor at the time of the assignment." *Whayne Supply Co. v. Morgan Const. Co.*, 440 S.W.2d 779, 782-83 (Ky. 1969). So Midland's cause of action against Mr. Thompson derives from FCNB's cause of action against Mr. Thompson. This means that Midland's cause of

action against Mr. Thompson accrued when FCNB's cause of action accrued. Consequently, if FCNB's cause of action against Mr. Thompson is barred by the statute of limitations, then Midland's cause of action is also barred.

Midland's Complaint demands prejudgment interest of 8% from February 9, 2003. So the FCNB credit card account was in default by or before February 9, 2003. Thus, FCNB's cause of action against Mr. Thompson accrued on or before February 9, 2003. Therefore, Midland's cause of action against Mr. Thompson accrued on or before February 9, 2003.

**III.    Kentucky's Five-Year Statute of Limitations under KRS 413.120 Bars Midland's Claims**

There is no Kentucky case that addresses the statute of limitations for the collection of credit card debt. The Court should construe an action to collect a credit card debt as an action on a merchant's account that is subject to a five-year statute of limitations under KRE 413.120(10). In the alternative, the Court should construe an action to collect a credit card debt an action on a contract not in writing subject to the five-year statute of limitations under KRS 413.120(1). As discussed infra, almost every jurisdiction that has different statute of limitations for contracts in writing and contracts not in writing hold that collection of credit card debt is subject to the shorter statute of limitations for contracts not in writing. Kentucky law is completely consistent with these other jurisdictions.

Under Kentucky law, for a writing to be a contract in writing subject to a fifteen-year statute of limitations, the writing has to identify the parties to the agreement; the writing must contain all of the terms and conditions of the agreement between the parties; and the terms of the contract must be complete and sufficiently definite to enable the court to determine the measure of damages in the event of a breach. Here, Midland does not have any writing that purports to constitute a writing agreement between FCNB and Mr. Thompson. So there can be no written

contract subject to a fifteen-year statute of limitations under KRS 413.090(2).

### A. Credit Card Agreements are Subject to a Five Year Statute of Limitations under KRS 413.120

#### i. An Action to Collect a Credit Card Debt is an Action on a Merchant's Account under KRS 413.120(10)

KRS 413.120(10) provides:

> The following actions shall be commenced within five (5) years after the cause of action accrued: . . . [a]n action upon a merchant's account for goods sold and delivered, or any article charged in such store account.

In connection with credit cards,

> [a] "merchant account" is an account with a credit card company—such as American Express, MasterCard, or Visa—that enables a business to accept credit cards as a method of payment; signed credit card receipts may then be submitted to the credit card company for reimbursement. After the credit card company has billed the card holder (the merchant's customer), the company remits a check to the merchant for the aggregate amount of charges submitted by the merchant during a particular period, less a processing fee.

*United States v. Kinzler*, 55 F.3d 70, 71 (2d Cir. 1995).

Under the above definition, an action on a credit card debt clearly concerns and directly involves an action on an "article charged in [a merchant's] account." That is, an action to collect a credit card debt is an action to collect credit extended to purchase goods and services that were charged under a merchant's account. Thus, a cause of action to collect a credit debt is subject to a five-year statute of limitations under KRS 413.120(10). Therefore, the statute of limitations bars Midland's claims against Mr. Thompson.

Midland's claims are also barred by Kentucky's five-year statute of limitations for contracts not in writing.

-4-

### ii.     Credit Card Accounts are Contracts not in Writing Subject to a Five Year Statute of Limitations under KRS 413.120(1)

Most courts in other jurisdictions that have decided the issue hold that collection of credit card debt is subject to the statute of limitations for contracts not in writing. *See e.g. Smither v. Asset Acceptance, LLC*, 919 N.E.2d 1153, 1158-60 (Ind. Ct. App. 2010); *Portfolio Acquisitions, LLC v. Feltman,* 909 N.E.2d 876, 881 (Ill. App. 2009); *Capital One Bank v. Creed*, 220 S.W.3d 874, 877 (Mo. Ct. App. 2007); *Dudek v. Thomas & Thomas Attorneys & Counselors at Law, LLC*, 702 F. Supp. 2d 826, 839 (N.D. Ohio 2010) (noting two unpublished Ohio appellate court decisions that "applied Ohio's six-year statute of limitations for oral contracts" for credit card charges); *Colorado Nat. Bank of Denver v. Story*, 862 P.2d 1120, 1122 (1993) (rejecting the credit card issuer's argument that the defendants "signature on the application for a VISA card constituted a written contract"); *cf Dulong v. Citibank (South Dakota), N.A.*, 261 S.W.3d 890, 894 (Tex.App.-Dallas 2008) (holding that credit-card charges are implied contracts arising "from the acts and conduct of the parties").

In *Portfolio Acquisitions, LLC v. Feltman*, the Illinois Appellate Court concluded that the statute of limitations for an oral contract was applicable to a credit card action where the debt collector provided copies of a signed application, but failed to produce the written contract.

The Court explained,

> Defendant maintains that the documents attached to plaintiff's complaint may be part of a contract, but they do not provide all the essential elements within the four corners of a document. . . . Defendant asserts that the application does not indicate if a credit card was issued or identify the terms of the agreement. As for the terms and conditions attached to the complaint, defendant notes that there is no indication that she agreed to them or that they applied to her alleged account.

909 N.E.2d 876 at 883-84.

The Court ruled in favor of the Defendant cardholder, stating:

> We agree with plaintiff that the nature of credit card transactions and the relationships between the parties is complex and only made more difficult to analyze under modern realities. Despite the fact that no physical signatures are required for many transactions and the advent of electronic signatures and related legislation, we cannot escape the requirement of a written agreement. . . . Any departure from this finding to account for modern business practices is a matter for the legislature, not this court.

*Id.* at 884.

And in *Delrey v. Capital One Bank*, 2009 WL 5103229 (Fla. Cir. Ct. July 7, 2009), the Court examined Virginia law to determine that a Capital One credit card is subject to Virginia's statute of limitations for unwritten contracts:

> There are two sections of the Virginia statute of limitations which may have relevance in the instant case. Subsection 8.01-246(2) of the Code of Virginia provides that any action on a written contract must be brought within five years of the accrual of the action. Subsection 8.01-246(4) provides that actions on an unwritten contract must be brought within three years of the accrual of the action. Finally, section 8.01-248 provides that any action for which no limitation is otherwise specified sKing be brought within two years after the accrual of the action. Va.Code Ann. § 8.01-246 (2008) (personal actions based on contracts); Va.Code Ann. § 8.01-248 (2008) (personal action for which no other limitation is specified).Capital One argues that the statute of limitations should be determined under Florida law. It cites for support Virginia's Supreme Court in *Hospelhorn v. Corbin*, 179 Va. 348, 19 S.E.2d 72 (Va.1942), where the court held:[T]he statute of limitations of the jurisdiction in which the action is brought and the remedy is sought to be enforced controls, and not the statute of limitations in force in the jurisdiction in which the contract is made. In other words, the lex fori determines the time in which a cause of action sKing be enforced. . . .
>
> **[The Capital One] Customer Agreement is not 'Written Agreement' for Statute of Limitation Purposes.** In the instant case, the breach of contract action is based upon a breach of the Customer Agreement attached to the complaint. Under Virginia law, for the "Customer Agreement" to comply with the writing requirement for the five year statute of limitation, it would have to

"show on its face a complete and concluded agreement between the parties." Newport News, H. & O Dev. Co. v. Newport News, St. Ry. Co., 97 Va. 19, 32 S.E. 789 (Va.1899); *Digital Support Corp. v. Avary*, 1999WL796745 (Va. Cir. Ct. My 13, 1999) (holding, "In order to constitute a written contract, the essential terms of the agreement must be obvious on the face of the writing without recourse to parol evidence."); *Marley Mouldings, Inc. v. Syat*, 970 F.Supp. 496 (W.D.Va.1997); *In re: Nelco, Ltd*., 264 B.R. 790 (Bkrtcy.E.D.Va.1999); *Capital One Bank v. Gelsey*, 15 Fla. L. Weekly Supp. 64a (Fla. 4th Cir.Ct. July 3, 1999), Virginia courts have also held contracts to be oral agreements where certain elements are missing from the writing. In *Dodge v. Trustees of Randolph-Macon Woman's College*, 276 Va. 1, 661 S.E.2d 801, 803 (Va.2008), the court held that "a contract is not valid and it is unenforceable if the terms of the contract are not established with reasonable certainty." In *Tsillis v. Wade*, 2008WL 1972952 (Va.Cir.Ct.2002), the court held that if no date of repayment is present on a written contract, claim of breach is subject to the three year statute of limitation. Here, the Customer Agreement does not "show on its face a complete and concluded agreement between the parties." For example, it fails to set out the applicable interest rate governing the account and it is not signed by either party. This action is not founded upon a signed contract. The Customer Agreement, which by the terms of the complaint is the document which Capital One is relying upon for its breach of contract count, does not satisfy the requirements of a written contract. Thus, the particular statute of limitations, which would permit the initiation of a contract action to enforce the terms of a written contract within five years of its signing, is not applicable. Therefore, this contract action is time barred by § 8.01-246(4) of the Virginia Statutes. See also *Mohammed, et al v. Capital One Bank*, 16 Fla. L. Weekly Supp. 616a (Fla. 11th Circ. Ct. April 29, 2009).

*Id.* at *2-*3; Exhibit "A" (emphasis added).

Kentucky law is completely consistent with the reasoning in all of the cases construing an action to collect a credit card as being subject to the statute of limitations for a contract not in writing.

### iii.    Kentucky Law

A contract in writing subject to a fifteen-year statute of limitations under KRS 413.090(2)

is

> one which is all in writing, so that all its terms and provisions can
> be ascertained from the instrument itself. The cases generally hold
> that a written instrument which sets forth the undertaking of the
> persons executing it or discloses terms from which such an
> undertaking can be imported, and which shows the consideration
> for the undertaking, and which identifies the parties thereto, will be
> considered a contract in writing.

*Mills v. McGaffee*, 254 S.W.2d 716, 717 (Ky. 1953) (internal citations omitted). Additionally,

"[t]he terms of a contract must be complete and sufficiently definite to enable the court to

determine the measure of damages in the event of a breach." *Mitts & Pettit, Inc. v. Burger

Brewing Co.*, 317 S.W.2d 865, 866 (Ky. 1958).

Here, Midland has no writing or document that it purports to be an agreement between

FCNB and Mr. Thompson. Because it has no written agreement, there can be no written contract

between the parties within the meaning of KRS 413.090(2). Therefore, by default, any agreement

between the parties is not in writing and subject to the five-year statute of limitations for

contracts not in writing under KRS 413.120(1).

### IV.    Conclusion and Relief Requested

An action to collect credit card debt is an action on a merchant's account that is subject to

a five-year statute of limitations under KRS 413.120(10). Also, Midland has no document that

purports to constitute a written agreement between the original creditor, FCNB, and Mr.

Thompson. Consequently, the agreement between FCNB and Mr. Thompson is a contract not in

writing under KRS 413.120(1), and is, therefore, subject to a five year statute of limitations.

Because Midland filed suit against Mr. Thompson at least nine years after its cause of action

against Mr. Thompson accrued, KRS 413.120's five-year statute of limitations bars all of Midland's claims against Mr. Thompson. Therefore, this Court should DENY Midland's motion to dismiss without prejudice and GRANT Mr. Thompson's motion for judgment on the pleadings.

Respectfully submitted,

James H. Lawson
*Lawson at Law, PLLC*
10600 Timberwood Circle
Suite 1
Louisville, KY 40223
Phone: (502) 473-6525
Fax:    (502) 473-6561
james@kyclc.com

**James R. McKenzie**
*Pedley & Gordinier, PLLC*
10600 Timberwood Circle
Suite 1
Louisville, KY 40223
jmckenzie@pedleylaw.com
Tel:    (502) 214-3120
Fax:    (502) 214-3121

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served on the following via U.S. Mail, postage prepaid, on this 20th day of March, 2013 to:

Melissa Miller
*Morgan & Pottinger, P.S.C.*
204 E. Market Street
Louisville, KY 40202
Counsel for Plaintiff

Hon. John Kevin Holbrook
Johnson County Judicial Center
908 Third St., Suite 120
Paintsville, KY 41240

*Counsel for Defendant*

-9-

# Exhibit "A"

2009 WL 5103229
Only the Westlaw citation is currently available.
Florida Circuit Court, Eleven Judicial
Circuit, Miami-Dade County,
Appellate Division.

Magaly DELREY, Appellant,
v.
CAPITAL ONE BANK, Appellee.

No. 08-514 AP. | July 7, 2009.

West KeySummary

**1** **Limitation of Actions**
    👉 What Constitutes Written Contract in General

Under Virginia law, the "Customer Agreement" between the debtor and the creditor did not meet the writing requirement for the five year statute of limitations since the agreement was not complete on its face. Thus, the creditor's claim was time barred by the statute of limitations. The statute required the agreement to show on its face a complete and concluded agreement between the parties. The creditor and the debtor had a written agreement, but it did not contain the applicable interest rate governing the account and was not signed by either party. West's Ann.W.Va.Code, 8.01-246(4).

An Appeal from the County Court of the Eleventh Judicial Circuit of Florida in and for Miami-Dade County, Florida, Jacqueline Schwartz, Judge, Lower Case No. 07-23454-SP-5.

**Attorneys and Law Firms**

Erik Kardatzke, Debt Defense, P.L., for Appellant.

Dana Kalman, of Hayt, Hayt and Landau, for Appellee.

Before BAILEY, HUBBART, and LEBAN, JJ.

**Opinion**

LEBAN, Judge.

**\*1** This appeal arises from a credit card collection action between Appellee/Plaintiff Capital One Bank (USA) NA of Virginia ("Capital One") and Florida resident Appellant/ Defendant Magaly Delrey ("Delrey"). Delrey appeals final summary judgment in favor of Capital One, arguing that the court incorrectly applied Florida's statute of limitations and incorrectly found the Customer Agreement to be a written contract. Delrey made her last payment to her Capital One account on May 24, 2004 while still owing additional funds. This credit card account was then 'charged off on December 29, 2004. Capital One filed lawsuit on October 31, 2007. This underlying lawsuit was filed three years and five months from the date of the last payment. Capital One argues that pursuant to Florida law, this action was timely under Florida's five years statute of limitations.

Delrey contends that Capital One's complaint is time-barred by both Virginia and Florida law because the last payment was made more than three years before this action was filed. Accordingly, Delrey maintains that this cause of action is time-barred by the statute of limitations. Delrey further argues that this three year time limitation hinges on whether Capital One's complaint is based on a "written agreement."

This case was filed in Florida which therefore serves as the forum state. The choice-of-law state pursuant to the Customer Agreement is Virginia.

### *Choice of Law-Virginia*

Here, the Customer Agreement indicates that the choice of law is Virginia and federal law, A choice of law provision applies only to substantive law, not procedural law. *Siegel v. Novack,* 920 So.2d 89, 93 (Fla. 4th DCA 2006). For causes of action arising in contract, Florida adheres to the doctrine of *lex loci contractus. See Lanoue v. Rizk,* 987 So.2d 724, 727 (Fla. 3d DCA 2008). *Lex loci contractus* looks to the place where the contract was executed. *Id.* For contract cases, *lex loci contractus* will determine the applicable statute of limitations. *Id.* Florida courts apply the substantive law of the state set forth in a choice of law provision and Florida's procedural law. *Siegel,* 920 So.2d at 93. Accordingly, Virginia's substantive law applies and Florida's procedural law applies.

Generally, Florida courts are required to enforce choice-of-law provisions unless a showing is made that the law of the chosen forum contravenes public policy or the clause is otherwise unreasonable or unjust. *See, Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co.,* 761 So.2d 306

(Fla.2000). The chosen law must offend strong public policy. *Walls v. Quick & Reilly, Inc.,* 824 So.2d 1016, 1018 (Fla. 5th DCA 2002) (citing *Mazzoni Farms, Inc., E.I. DuPont De Nemours & Co.,* 761 So.2d 306, 311(Fla.2000)). The party seeking to avoid enforcement of choice of law provisions sufficiently carries the burden if it shows that the foreign law contravenes strong public policy of the forum jurisdiction. *Id.* The term "strong public policy" means that the public policy must be sufficiently important that it outweighs the policy protecting freedom of contract. *Id.* Therefore, routine policy considerations are insufficient to invalidate choice-of-law provisions in a contract. *Id.* at 1019. Neither party here would be able to provide a strong public policy reasoning to avoid the application of Virginia choice of law written into the Customer Agreement.

### Application of the Statute of Limitations Involves Substantive Law

**\*2** Whether the application of the statute of limitations involves substantive or procedural law for choice of law purposes is determined by Florida law because Florida is the forum state. *See Siegel,* 920 So.2d at 93, "[S]ubstantive law prescribes duties and rights and procedural law concerns the means and methods to apply and enforce those duties and rights." *See Alamo Rent-A-Car, Inc. v. Mancusi,* 632 So.2d 1352, 1358 (Fla.1994).

In analogizing the issue of standing with that of the statute of limitations, the Fourth District Court of Appeals stated:

> Both issues relate to whether a cause of action may proceed; neither involves the "machinery for carrying on the suit" once the right to proceed has been determined. The ability to bring an action at law is a "most valuable attribute" of a legal right, a factor favoring the classification of standing as a substantive matter. (citations omitted).

*Siegal,* 920 So.2d at 94.

*Siegal* cited *Merkle v. Robinson,* 737 So.2d 540, 542 (Fla.1999), stating: the Florida Supreme Court held that "statute of limitation choice of law questions [should be treated] the same as 'substantive' choice of law questions ..." *See* 920 So.2d at 94. Therefore, it is well established that the application of the statute of limitations involves a substantive right under Florida law.

Because the applicable statute of limitations involves the application of a substantive right under Florida law, it is

the substantive law of Virginia which must be examined concerning the application of the appropriate statute of limitations.

### Virginia Statute of Limitations Applies

Since an analysis of the applicable statute of limitations involves a substantive right, the Virginia statute of limitations applies. There are two sections of the Virginia statute of limitations which may have relevance in the instant case. Subsection 8.01-246(2) of the Code of Virginia provides that any action on a *written contract* must be brought within five years of the accrual of the action. Subsection 8.01-246(4) provides that actions on an *unwritten contract* must be brought within three years of the accrual of the action. Finally, section 8.01-248 provides that any action for which no limitation is otherwise specified shall be brought within two years after the accrual of the action. Va.Code Ann. § 8.01-246 (2008) (personal actions based on contracts); Va.Code Ann. § 8.01-248 (2008) (personal action for which no other limitation is specified).

Capital One argues that the statute of limitations should be determined under Florida law. It cites for support Virginia's Supreme Court in *Hospelhorn v. Corbin,* 179 Va. 348, 19 S.E.2d 72 (Va.1942), where the court held:

> [T]he statute of limitations of the jurisdiction in which the action is brought and the remedy is sought to be enforced controls, and not the statute of limitations in force in the jurisdiction in which the contract is made. In other words, the lex fori determines the time in which a cause of action shall be enforced.

**\*3** Interestingly, it appears that Virginia law requires that the law of the forum (here, Florida) be used to analyze issues regarding the statute of limitations. However, in applying Virginia's substantive law, as this state's choice of law provision requires, this Court is again faced with applying legal analysis of the Virginia statute of limitations.

### Customer Agreement is not 'Written Agreement' for Statute of Limitation Purposes

In the instant case, the breach of contract action is based upon a breach of the Customer Agreement attached to the complaint. Under Virginia law, for the "Customer Agreement" to comply with the writing requirement for the five year statute of limitation, it would have to "show on its face a complete and concluded agreement between the parties." *Newport News, H. & O Dev. Co. v. Newport News,*

*St. Ry. Co.,* 97 Va. 19, 32 S.E. 789 (Va.1899); *Digital Support Corp. v. Avary,* 1999WL796745 (Va. Cir. Ct. My 13, 1999)(holding, "In order to constitute a written contract, the essential terms of the agreement must be obvious on the face of the writing without recourse to parol evidence."); *Marley Mouldings, Inc. v. Syat,* 970 F.Supp. 496 (W.D.Va.1997); *In re: Nelco, Ltd.,* 264 B.R. 790 (Bkrtcy.E.D.Va.1999); *Capital One Bank v. Gelsey,* 15 Fla. L. Weekly Supp. 64a (Fla. 4th Cir.Ct. July 3, 1999), Virginia courts have also held contracts to be oral agreements where certain elements are missing from the writing. In *Dodge v. Trustees of Randolph-Macon Woman's College,* 276 Va. 1, 661 S.E.2d 801, 803 (Va.2008), the court held that "a contract is not valid and it is unenforceable if the terms of the contract are not established with reasonable certainty." In *Tsillis v. Wade,* 2008WL 1972952 (Va.Cir.Ct.2002), the court held that if no date of repayment is present on a written contract, claim of breach is subject to the three year statute of limitation.

Here, the Customer Agreement does not "show on its face a complete and concluded agreement between the parties."

For example, it fails to set out the applicable interest rate governing the account and it is not signed by either party. This action is not founded upon a signed contract. The Customer Agreement, which by the terms of the complaint is the document which Capital One is relying upon for its breach of contract count, does not satisfy the requirements of a written contract. Thus, the particular statute of limitations, which would permit the initiation of a contract action to enforce the terms of a written contract within five years of its signing, is not applicable. Therefore, this contract action is time barred by § 8.01-246(4) of the Virginia Statutes. *See also Mohammed, et al v. Capital One Bank,* 16 Fla. L. Weekly Supp. 616a (Fla. 11th Circ. Ct. April 29, 2009).

We reverse the lower court's final judgment and remand with instructions to dismiss the action. Capital One's action is time barred by the statute of limitations. Appellant's motion for attorney's fees is granted with directions for the trial court to determine same.

BAILEY and HUBBART, JJ., concur.

**End of Document**                                                © 2012 Thomson Reuters. No claim to original U.S. Government Works.

Commonwealth of Kentucky
Lawrence District Court
12-C-240
Div. II

Midland Funding, LLC                                              PLAINTIFF

v.                         **ORDER GRANTING**
                        **DEFENDANT'S MOTION**
                  **FOR JUDGMENT ON THE PLEADINGS**

Quentin J. Thompson                                         DEFENDANT

                 *        *        *        *        *

  Defendant having moved for Judgment on the Pleadings on grounds that Plaintiff's claim is barred by the statute of limitations, Plaintiff having objected and the Court having considered the arguments of counsel and being otherwise sufficiently advised, Defendant's Motion is HEREBY GRANTED and the Complaint is DISMISSED WITH PREJUDICE.

  This is a final and appealable order and there is no just cause for delay.

Dated: _____      Signed:   _____
                                            Lawrence District Judge

Tendered by:

  James Lawson
  *Lawson at Law, PLLC*
  10600 Timberwood Circle
  Suite 1
  Louisville, KY 40223
  Tel:    502-473-6525
  Fax:    502-473-6561
  james@kyclc.com