UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 13-96-HRW-CJS

QUENTIN J. THOMPSON                                                                                           PLAINTIFF

v.                                          **MEMORANDUM ORDER**

MIDLAND FUNDING, LLC                                                                                      DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Motion of Defendant Midland Funding, LLC for Leave to Deposit Funds. (R. 43). Plaintiff filed his Response (R. 46), and Defendant filed its Reply. (R. 47). The matter is ripe for review. For the reasons outlined below, Defendant's Motion for Leave to Deposit Funds (R. 43) will be **denied.**

I.     BACKGROUND

Plaintiff filed the Complaint in this case on July 21, 2013. (R. 1). In the Complaint, Plaintiff alleges Defendant violated the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.*, by bringing a time-barred debt collection suit against him. (*Id.* at 1). The Complaint also alleges Defendant committed similar violations against individuals in several other states. (*Id.* at 4-5). Plaintiff accordingly sought to bring a class action against Defendant on behalf of himself and others similarly situated who were subjected to either a lawsuit or a dunning letter from Defendant in violation of the FDCPA. (*Id.*). On August 29, 2013, Defendant filed an Answer denying the allegations raised in the Complaint and claiming the matter was not appropriate for class certification. (R. 6).

On July 29, 2014, Defendant filed a Motion to Dismiss for Lack of Jurisdiction. (R. 22). The Motion alleged that pursuant to Federal Rule of Civil Procedure 68, Defendant made an Offer of Judgment to Plaintiff in the amount of $1,200. (*Id.* at 1). The Motion further alleged that because Plaintiff's individual damages under the FDCPA are limited to $1,000 plus attorney's fees, the Offer of Judgment moots Plaintiff's case, and therefore the Court has no jurisdiction to continue overseeing it because a class has not been certified. (*Id.* at 4-5). Plaintiff filed a Response opposing the Motion, pointing out he never accepted the Offer of Judgment. He argued that the Offer of Judgment did not offer complete relief because it failed to account for attorney's fees, and that an offer of judgment that is unaccepted by a named potential class action plaintiff does not moot a class action. (R. 23).

On August 7, 2014, Plaintiff filed two motions: a Motion to Amend Complaint, which sought to limit the class in the proposed class action to those individuals in the state of Kentucky who have been the subject of unlawful action by Defendant in violation of the FDCPA (R. 24); and a Motion for Class Certification seeking to have the Court appoint him as class representative. (R. 26).

On March 31, 2015, the District Judge entered an Order denying all pending motions without prejudice and staying the case. (R. 38). In the Order, the Court noted that while neither the Sixth Circuit nor the United States Supreme Court had ruled on the dispositive issue of whether an unaccepted offer of judgment could moot an individual's claim, a case then pending before the Sixth Circuit, *Mey v. North American Bancard, LLC*, Case No. 14-2574 (6th Cir. 2016), featured issues on appeal potentially dispositive to the present case. Accordingly, this case was stayed pending the outcome of *Mey*. A further Order issued July 13, 2015, ordered the parties to update the Court on

2

any progress in either *Mey* or a pending U.S. Supreme Court case deciding similar issues, *Campbell-Ewald Co. v. Gomez*, __ U.S. __, 136 S. Ct. 663 (2016). (R. 42).

This case remained quiet until Defendant filed a Status Report and Motion for Leave to Deposit Funds on February 1, 2016. (R. 43). That Motion informs that on January 20, 2016, the Supreme Court issued its ruling in *Campbell-Ewald Co. v. Gomez*. There, the High Court held that "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case[.]" *Campbell-Ewald*, 136 S. Ct. at 672. Defendant's Motion acknowledges that under *Campbell-Ewald,* its previous Offer of Judgment that was rejected by Plaintiff does not serve to moot the case. Defendant argues though that the case nevertheless should now be dismissed as moot because Defendant offers to deposit funds payable to Plaintiff with the Court, which Defendant submits the Court should permit it to do. In support of its argument that the Court should approve of this process and then dismiss Plaintiff's claim, Defendant relies upon the Supreme Court's comment in *Campbell-Ewald*:

> We need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount. That question is appropriately reserved for a case in which it is not hypothetical.

*Id.* at 672. Defendant, based on this comment, asks to deposit the FDCPA's maximum individual award of $1,000 plus any reasonable attorney's fees as determined by the Court and that the Court then dismiss the case as moot. (R. 43, at 2).

Plaintiff opposes the Motion for Leave to Deposit Funds. (R. 46). Plaintiff argues that the unaccepted tender of statutory damages does not serve to moot a potential class plaintiff's claim post-*Campbell-Ewald* and that Plaintiff has not been offered full relief because a timely motion for class certification was made. (*Id.* at 1-4).

3

The Court, after reviewing the parties' briefings and the status of the relevant case law, issued an Order on April 5, 2016, noting that the Sixth Circuit in *Mey* had recently ordered briefing on an issue that could be dispositive to Defendant's Motion for Leave to Deposit Funds. (R. 48). The Court ordered the parties to brief the Court on the status of *Mey* as it developed and found that ruling at that time on the Motion for Leave to Deposit Funds would not be appropriate. (*Id.*). Each party filed a Status Report in response to the Court's Order. (R. 49, R. 50).

On June 15, 2016, Plaintiff filed a Motion for Leave to File Supplemental Authority (R. 51) directing the Court's attention to the Sixth Circuit's then recent decision in *Wilson v. Gordon*, 822 F. 3d 934 (6th Cir. 2016), which Plaintiff claims supports the conclusion that Plaintiff's class claims are not mooted. Defendant did not respond to that Motion. On July 18, 2016, Defendant filed a Status Report (R. 53) informing the Court that the Sixth Circuit had reached a final decision in *Mey*, and pointing out the Circuit's holding in *Mey* reinstating the individual and class claims focused upon defendant's tender not affording complete relief to plaintiff, not that tender offering complete individual relief cannot serve to extinguish a case or controversy. And on October 27, 2016, Plaintiff filed a Notice of Supplemental Authority (R. 54) noting for the Court the Sixth Circuit's decision filed that day in *Conway v. Portfolio Recovery Associates, LLC,* 840 F.3d 333 (6th Cir. 2016) which held, consistent with *Campbell-Ewald* and *Mey,* that an unaccepted Rule 68 offer of judgment did not moot plaintiff's individual or class claims.

## II. DISCUSSION

The question before the Court is whether Defendant may moot Plaintiff's case by being permitted to deposit with the Court $1,000 plus any reasonable attorney's fees as determined by the

4

Court. As explained below, Plaintiff in this case has not been given a fair opportunity to pursue class certification, and so Defendant's proposed actions cannot moot the case at this time.

### A. Defendant cannot moot Plaintiff's case by seeking to deposit funds with the Court before Plaintiff has been afforded a fair opportunity to pursue class certification.

"A core tenet of Article III is that 'federal courts may adjudicate only actual, ongoing cases or controversies.'" *Wilson v. Gordon*, 822 F.3d 934, 941 (6th Cir. 2016) (quoting *Kentucky v. United States ex rel. Hagel*, 759 F.3d 588, 595 (6th Cir. 2014)). A case may become moot when circumstances change such that a plaintiff no longer has a personal stake in its outcome. *Id.* at 942 (citing *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396, 410 (1980)). "When class actions are involved, however, the Supreme Court has explained that 'the Art. III mootness doctrine' is 'flexible.'" *Id.* (quoting *Geraghty*, 445 U.S. at 400). "And unlike plaintiffs proceeding individually, '[a] class representative has two legally cognizable interests: One is the claim on the merits; the other is the claim that he is entitled to represent a class.'" *Id.* (quoting *Richards v. Delta Air Lines, Inc.*, 453 F.3d 525, 528 (D.C. Cir.2006) (internal quotation omitted)).

Here, Defendant seeks to divest Plaintiff of a personal stake in this case by tendering for deposit with the Court funds representing what Defendant characterizes as the complete relief available to Plaintiff under the FDCPA.[1] While the United States Supreme Court held in *Campbell-*

---

[1] The FDCPA caps an individual plaintiff's statutory damages to $1,000 per proceeding, plus reasonable attorney's fees. 15 U.S.C. § 1692k(a)(2)(A); *see also Wright v. Fin. Serv. of Norwalk, Inc.*, 22 F.3d 647, 653 (6th Cir. 1994). In its Motion, Defendant seeks to deposit with the Court pursuant to Civil Rule 67 a check made payable to Plaintiff in the amount of $1,000, the monetary cap on statutory damages under 15 U.S.C. § 1692k(a)(2)(A), and asks the Court, following the Court's acceptance of the deposit, to then enter judgment for Plaintiff for that amount, plus "the costs of the action, together with a reasonable attorney's fee as determined by the court" and dismiss the case on the basis that there is no case or controversy to be adjudicated. (R. 43).

*Ewald* that "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case," it explicitly left unanswered the question of whether "the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." *Campbell-Ewald,* 136 S. Ct. at 672. The Court stated, however, that "a would-be class representative with a live claim of her own *must* be accorded a fair opportunity to show that certification is warranted." *Id*. (emphasis added).

In the current Motion, Defendant seeks to take advantage of the question left unanswered by the Supreme Court in *Campbell-Ewald* as to whether tendering the purported full amount of a plaintiff's claim would moot the case, and requests leave to deposit with this Court funds sufficient, according to Defendant, to afford complete relief to Plaintiff under the FDCPA. The Sixth Circuit has not yet considered, post-*Campbell-Ewald*, the general question whether a defendant can moot a potential representative plaintiff's individual claims by actually tendering funds for full relief to a plaintiff.[2] While the issue was presented to the Sixth Circuit in *Mey,* its holding in that case was based on its findings on a related, but different, issue. *Mey v. North American Bancard, LLC*, 655 F. App'x 332, 336 (6th Cir. 2016).

---

[2] In his Response to Defendant's Motion for Leave to Deposit Funds, Plaintiff argues that Defendant's offer to pay any attorney's fees determined by the Court cannot serve to moot a case, writing: "Defendant cannot have it both ways–Defendant cannot ask the Court to declare Plaintiff's cause of action moot, declaring its jurisdiction at an end, yet retain jurisdiction to determine Plaintiff's costs and attorney's fees." (R. 46, at 3). Because the Court finds for other reasons noted herein that Defendant's Motion should be denied and Plaintiff's claims survive, it is not necessary to address whether Defendant's offer to deposit with the Court a check payable to Plaintiff in the sum of $1,000 plus the Court's determination of attorney's fees does in fact constitute complete relief to moot Plaintiff's claims. But it is noteworthy that while seeking to avail itself of what it interprets as an opening in the Supreme Court's holding in *Campbell-Ewald,* plaintiff's claim there involved the Telephone Consumer Protection Act (TCPA) which the High Court expressly noted does not provide for attorney's fees, *see Campbell-Ewald,* 136 S. Ct. at 668, unlike the FDCPA, which does provide for attorney's fees.

6

In *Mey*, the plaintiff sought to bring a class action on behalf of individuals who received telephone calls from the defendant that violated the Telephone Consumer Protection Act of 1991 ("TCPA"). *Mey,* 655 F. App'x at 334. The plaintiff filed a motion for class certification, but it was denied without prejudice as premature because the court had not yet entered a scheduling order. Before plaintiff renewed her motion, defendant made a Rule 68 offer of judgment it believed satisfied her full claim for relief, which plaintiff rejected. Based on the rejected offer of judgment, the district court entered judgment for Mey and dismissed the remaining class claims. Plaintiff appealed.

While the *Mey* appeal was pending, the Supreme Court decided *Campbell-Ewald*, which, as discussed above, held an unaccepted Rule 68 offer of judgment does not moot a plaintiff's claims. In response to the Supreme Court's express statement in *Campbell-Ewald* that it was declining to decide whether the result would be different if a defendant tendered the full amount of a plaintiff's claim, the defendant in *Mey* notified the Sixth Circuit that it had mailed Mey's attorney a cashier's check for the statutory damages permitted by the TCPA for three unlawful telephone calls. *Id.* at 336. Mey returned the check, but defendant argued the tender mooted her claims. The Sixth Circuit did not address the issue of whether the tender mooted plaintiff's claims, but instead held that even assuming a tender of complete relief could legally moot the controversy, the defendant had failed to demonstrate that the amount tendered satisfied plaintiff's demand for statutory and injunctive relief. *Id.*

Noting the absence of Sixth Circuit authority on the issue, in its July 18, 2016, status report, Defendant cites several cases decided by district courts in the wake of *Campbell-Ewald* wherein the courts recognized that "a defendant's tender of complete relief in the form of a deposit with the court

is sufficient to moot a plaintiff's case." (R. 53, at 5-6 (citing *Leyse v. Lifetime Entm't Servs., LLC,* No. 13-cv-5794*,* 2016 WL 1253607, at *2 (S.D.N.Y. Mar. 17, 2016); *Gray v. Kern*, 143 F. Supp. 3d 363, 367 (D. Md. 2016); *S. Orange Chiropractic Ctr., LLC v. Cayan LLC*, No. 15-13069, 2016 WL 1441791, at **4-5 (D. Mass. Apr. 12, 2016) *motion to certify appeal denied*, 2016 WL 3064054 (D. Mass. May 31, 2016)). Defendant urges the Court to follow what it states are the only district court decisions that have squarely addressed the issue of a defendant's tender of complete relief in the form of a deposit with the court and held that such tender mooted the plaintiff's case. (*Id.*).

These cases, however, are not binding on this Court nor are they persuasive. Instead, what is persuasive is the large body of case law that, post-*Campbell-Ewald,* has declined to dismiss as moot a named plaintiff's claims based on a rejected tender of purported complete individual relief where the plaintiff did not yet have a fair opportunity to pursue class certification. *See, e.g.*, *Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1147 (9th Cir. 2016) ("[W]hen a defendant consents to judgment affording complete relief on a named plaintiff's individual claims before certification, but fails to offer complete relief on the plaintiff's class claims, a court should not enter judgment on the individual claims, over the plaintiff's objection, before the plaintiff has had a fair opportunity to move for class certification."); *Family Med. Pharmacy, LLC v. Perfumania Holdings, Inc., et al.*, No. 15-0563, 2016 WL 3676601 (S.D. Ala. July 5, 2016); *Fauley v. Royal Canin U.S.A., Inc.*, 143 F. Supp. 3d 763, 765 (N.D. Ill. 2016) (opining that "it is inappropriate to enter judgment on a named plaintiff's individual claims, over the plaintiff's objection, before the plaintiff has had a fair opportunity to move for class certification") (citations and internal quotation marks omitted); *Radha Giesmann, MD, P.C. v. American Homepatient, Inc.*, No. 4:14-cv-1538, 2016 WL 3407815, at *3 (E.D. Mo. June 16, 2016) ("Here, the Court has not yet held a hearing or ruled on the Motion for

8

Class Certification. Thus, the Court finds it inappropriate to allow Defendant to tender payment to the class representative on his individual claims, over Plaintiff's objection, to presumably incapacitate the class action before Plaintiff has had a fair opportunity to show that certification is warranted."); *Brady v. Basic Research, L.L.C.*, No. 13-cv-7169, 2016 WL 1735856, at *1 (E.D.N.Y. May 2, 2016) ("[e]ntering judgment against Defendants over Plaintiffs' objections before Plaintiffs have had the opportunity to file a class certification motion as Defendants request would ignore the Supreme Court's holding" in *Campbell-Ewald*, even with a tender); *Bais Yaakov of Spring Valley v. Graduation Source, LLC*, No. 14-cv-3232, 2016 WL 872914, at *1 (S.D.N.Y. Mar. 7, 2016) ("Although Defendants sought to avail themselves of the hypothetical proposed in *Campbell-Ewald* by depositing the full amount of statutory damages into the Court's Finance Unit . . ., Plaintiff's individual claims remain live–this Court has not entered judgment in favor of Plaintiff and has not, by express, written order released the funds to Plaintiff. . . . With a live claim remaining, this Court is bound by *Campbell-Ewald* to afford Plaintiff a fair opportunity to show that class certification is warranted."); *see also APB Assoc., Inc. v. Bronco's Saloon, Inc.*, 315 F.R.D. 200, 209 n.4 (E.D. Mich. Apr. 7, 2016) ("This Court does not read [*Campbell-Ewald*] as supporting Defendants' argument that Plaintiff's claim was mooted because Defendants tendered a check to plaintiff in the amount of the judgment.").

Further, the Sixth Circuit's decision cited by Plaintiff, *Wilson v. Gordon,* is also instructive. 822 F.3d 934 (6th Cir. 2016). There the Circuit found that even where individual claims are mooted by full relief, the potential class claims are not similarly mooted where certain exceptions to the mootness doctrine apply. In *Wilson*, the Sixth Circuit considered the question of whether a pending class action was mooted when the plaintiffs, Medicaid applicants who alleged the state of Tennessee

had unlawfully delayed processing of their applications, had obtained relief on their individual claims prior to class certification when the state enrolled them in TennCare. *Id.* The Sixth Circuit held the class action was not mooted by defendant's conduct of enrolling the plaintiffs because the "picking off" exception to Article III's mootness doctrine applied. *Id*. at 947. The Sixth Circuit explained:

> The potential exception to mootness where a defendant picks off named plaintiffs in a class action before the class is certified originates from the Supreme Court's decision in *Deposit Guaranty National Bank v. Roper*. The Court explained that:
>
>> "To deny the right to appeal simply because the defendant has sought to 'buy off' the individual private claims of the named plaintiffs would be contrary to sound judicial administration. Requiring multiple plaintiffs to bring separate actions, which effectively could be 'picked off' by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions; moreover it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement."
>
> . . . Although it is true that the district court in *Roper* already had denied the motion for class certification when the defendant sought to pick off the named plaintiff, we see no distinction between picking off a named plaintiff when a motion for class certification has been filed and is then pending and picking off a named plaintiff after the motion for class certification has been denied. In both scenarios, the defendant is on notice that the named plaintiff wishes to proceed as a class, and the concern that the defendant therefore might strategically seek to avoid that possibility exists.

*Id.* (quoting *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 339 (1980) (internal citation removed)).

The circumstances of this case are similarly appropriate for the application of the "picking off" exception to mootness. Defendant is attempting to end a potential class action before the class can be certified by satisfying the individual claim of the only named plaintiff, thereby "avoid[ing] an adverse decision, one that could expose it to damages a thousand-fold larger" than the amount

10

Defendant is attempting to deposit with the Court. *Id.* at 950 (quoting *Campbell-Ewald*, 136 S. Ct. at 672).[3]

Finally, any lingering argument Defendant maintains is still available for dismissing Plaintiff's claims post-*Campbell-Ewald* has now been rejected by the Sixth Circuit's decision in *Conway v. Portfolio Recovery Associates, LLC,* 840 F.3d 333 (6th Cir. 2016). There, the district court dismissed plaintiff Conway's putative class action suit and entered a judgment against Conway granting him the relief he sought on his Fair Debt Collection Practices Act claim after defendant had offered, and Conway had rejected, judgment in his favor. The Sixth Circuit, however, held that defendant's offer of judgment which was unaccepted by Conway did not moot Conway's individual or class claims and vacated the district court's judgment. The Circuit remanded the case "to give Conway the opportunity to litigate his class claim in the district court" as the dismissal of the class claim on mootness grounds, based upon the district court's erroneous entry of judgment on Conway's individual claim, was mistaken. *Id.* at 336.

### B. Plaintiff has not been afforded a fair opportunity to seek class certification in this case.

---

[3]In *Mey*, the Sixth Circuit suggested it would consider the applicability of *Wilson* in future cases where defendants seek to moot a potential class action by tendering relief to named plaintiffs before the class could be certified:

> We recognize that it is possible that subsequent developments in this litigation may lead the district court to conclude that Mey's individual claims are moot before Mey files or briefs another motion for class certification. If that happens, and if Mey or NAB appeal[] whatever decision the district court makes with respect to the class claims, we will have occasion to revisit the scope and applicability of *Brunet* [*v. City of Columbus,* 1 F.3d 390 (6th Cir. 1993)] and *Carroll* [*v. United Compucred Collections, Inc.*, 399 F.3d 620 (6th Cir. 2005)] in light of our recent decision in *Wilson v. Gordon*. On the facts before us, however, that dispute remains a speculative one, and we thus refrain from addressing it.

*Mey*, 655 F. App'x at 337.

In its Reply, Defendant argues that the above reasoning is inapposite to the facts of this case because, unlike *Wilson*, Plaintiff did not have a motion for class certification pending at the time Defendant filed its Motion for Leave to Deposit Funds. (R. 47, at 5-6). Defendant suggests that Plaintiff has already been given a fair opportunity to pursue class certification, and argues it should be permitted to deposit the funds and moot the case. In support of its argument, Defendant cites a case from the Western District of Kentucky, which held:

> [I]t would be inappropriate to dismiss this case as moot if a motion for class certification had been granted, or even if it were pending. However, it is also clear from the *Brunet* holding that '[w]here . . . the named plaintiff's claim becomes moot before class certification, dismissal of the action is required.' Therefore, the Court will dismiss the named plaintiff's claims and simultaneously dismiss the putative class action.

*Tallon v. Lloyd & McDaniel*, 497 F. Supp. 2d 847, 853 (W.D. Ky. 2007) (quoting *Brunet*, 1 F.3d at 399 (internal citations omitted)). However, unlike *Tallon,* where 13 months after the complaint was filed the plaintiff still had not filed a motion for class certification, Plaintiff here did file such a motion on August 7, 2014, nearly 18 months **before** Defendant made its offer to deposit funds with the Court. Plaintiff's Motion for Class Certification was denied without prejudice by the presiding District Judge in the same Order that stayed this case pending the outcome in *Mey*. (R. 38, at 6-7). That Order denied without prejudice all pending motions without considering their merits, with leave to renew, if appropriate, after the Sixth Circuit issued its decision in *Mey* and the stay here was lifted. (*Id.*).

The circumstances in this case are more analagous to *Deposit Guaranty National Bank v. Roper,* 445 U.S. 326 (1980), as well as *Conway,* 840 F.3d at 336*.* In *Roper*, the named plaintiffs in a potential class action filed a motion for class certification that was denied by the district court.

12

*Roper*, 445 U.S. at 329. After the denial, the defendant tendered statutory relief to each named plaintiff, and on that basis the district court entered judgment in plaintiffs' favor, over their objection, mooting the case. *Id.* at 329-30. The Supreme Court held that the case had not been mooted due to the "picking off" exception to mootness, and stated that:

> A district court's ruling on the certification issue is often the most significant decision rendered in these class-action proceedings. To deny the right to appeal simply because the defendant has sought to "buy off" the individual private claims of the named plaintiffs would be contrary to sound judicial administration.

*Id.* at 339.

Here, due to the current stay of this case, Plaintiff has not had the opportunity to renew his Motion for Class Certification, as the Court had indicated he could do once it lifted the stay. (R. 38, at 6-7). Plaintiff has therefore not been "accorded a fair opportunity to show that [class] certification is warranted" as envisioned by the Supreme Court in *Campbell-Ewald*. 136 S.Ct. at 672. To allow Defendant to moot Plaintiff's case merely because it filed its Motion during the Court-imposed stay would controvert the purpose of the stay and deprives Plaintiff of a "fair opportunity" to move forward with his efforts at class certification. *See also Bais Yaakov*, 2016 WL 872914, at *1 n.1 ("The Court's previous denial of Plaintiff's motion for class certification was made 'without prejudice to renewal after sufficient discovery has occurred,' and thus did not provide Plaintiff with a 'fair opportunity' to show that certification is warranted.").

### III. CONCLUSION

The Supreme Court in *Campbell-Ewald* declined to consider whether a potential class representative's individual claim is mooted by a defendant depositing the full amount of the individual's claim in an account payable to the plaintiff. In addition, the Sixth Circuit has also not

directly considered the issue and, as noted above, there is a significant split among district courts across the country. However, the language in *Campbell-Ewald* suggests that a potential class plaintiff should be given a fair opportunity to pursue class certification before his/her claim is mooted against his/her will. In this case, Plaintiff has not been given a fair opportunity to pursue class certification. At this time Defendant's Motion for Leave to Deposit Funds will therefore be denied.

Accordingly, for the reasons set forth hereinabove, **IT IS ORDERED** that:

1) The **STAY** of further proceedings previously imposed pursuant to the Court's July 15, 2015, Order (R. 42) is hereby **LIFTED;**

2) Plaintiff's Motion for Leave to File Supplemental Authority (R. 51) is hereby **GRANTED;**

3) Defendant's Motion for Leave to Deposit Funds (R. 43) is hereby **DENIED;** and

4) a telephonic **STATUS/SCHEDULING CONFERENCE** will be held in this case on **TUESDAY, JUNE 6, 2017, at 10:30 a.m.** Counsel should connect to the conference call five minutes before the conference is scheduled to begin. To connect to the call, dial **877-873-8017.** Then, when prompted to enter the participant access code, enter **7604592.**

Dated this 22nd day of May, 2017.



Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

J:\DATA\Orders\civil ashland\2013\13-96 order denyg mtn to dep $.wpd